HON. ROSANNA M. PETERSON

Terry A. Venneberg
WSBA No. 31348
5224 Olympic Drive NW, Suite 110
Gig Harbor, Washington 98335
Telephone: (253) 858-6601
Fax: (253) 858-6603
E-Mail: terry@washemploymentlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. 2:19-cv-00258-RMP |
| Plaintiff, | |
| and, | |
| KATHERINE HALL, | |
| Plaintiff-Intervenor, | |
| v. | |
| AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC., | |
| Defendant. | |

COMPLAINT OF PLAINTIFF-INTERVENOR KATHERINE HALL - 1
Case No. 2:19-cv-00258-RMP

Terry A. Venneberg
Attorney at Law
5224 Olympic Drive NW, Suite 110
Gig Harbor, Washington 98335
(253) 858-6601

**COMPLAINT OF PLAINTIFF-INTERVENOR KATHERINE HALL**

COMES NOW plaintiff-intervenor Katherine Hall, by and through her counsel of record, Terry A. Venneberg, and by way of complaint against defendant American Medical Response Ambulance Service, Inc. does state and allege as follows:

1. Plaintiff-intervenor Katherine Hall (hereinafter "Hall") is a citizen of the United States over the age of eighteen (18) years, and is in all respects qualified and competent to maintain this action.

2. Defendant American Medical Response Ambulance Service, Inc. (hereinafter "AMR") is a corporation that has been continually doing business in the State of Washington, has continually had at least 15 employees, and has continually been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Under Washington state law, AMR has continually been an "employer at all times pertinent to this action, as defined under RCW 49.60.040 and 43.10.005.

3. Plaintiff Equal Employment Opportunity Commission (hereinafter "EEOC") has filed this action under the authority granted to it under Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act, as

COMPLAINT OF PLAINTIFF-INTERVENOR KATHERINE HALL - 2
Case No. 2:19-cv-00258-RMP

Terry A. Venneberg
Attorney at Law
5224 Olympic Drive NW, Suite 110
Gig Harbor, Washington 98335
(253) 858-6601

amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a.

4. The EEOC has alleged in this action that, from since at least June 30, 2017, AMR has engaged in unlawful employment practices at its Spokane, Washington facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by refusing to accommodate the pregnancy work restrictions of Hall while accommodating the work restrictions of non-pregnant employees similar in their ability or inability to work, and that Hall was affected by said unlawful employment practices.

5. As an "aggrieved person" in the unlawful employment practices alleged by the EEOC, Hall is entitled to intervene in this action, under Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1). Hall has satisfied all requirements concerning exhaustion of administrative remedies and all conditions precedent to the institution of her claims.

6. Paragraphs 1 through 23 of the Complaint filed by the EEOC in this action are incorporated by reference as if fully set out herein.

### First Cause of Action
### Violation of 42 U.S.C. § 2000e-2(a)

7. Paragraphs 1 through 6 as set out above are incorporated by reference herein.

COMPLAINT OF PLAINTIFF-INTERVENOR KATHERINE HALL - 3
Case No. 2:19-cv-00258-RMP

Terry A. Venneberg
Attorney at Law
5224 Olympic Drive NW, Suite 110
Gig Harbor, Washington 98335
(253) 858-6601

8. Since at least June 30, 2017, AMR has engaged in unlawful employment practices at its Spokane, Washington facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by refusing to accommodate the pregnancy-related work restrictions of Hall while accommodating the work restrictions of non-pregnant employees similar in their ability or inability to work.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Hall of equal employment opportunities and otherwise adversely affect her status an employee.

10. The unlawful employment practices complained of in paragraph 8 were and are intentional.

11. As a direct and proximate result of the violation of 42 U.S.C. § 2000e-2(a) by AMR, Hall has incurred economic and non-economic damages in an amount to be determined at trial.

12. AMR is also liable for an assessment of punitive damages, due to its violation of 42 U.S.C. § 2000e-2(a), and its malicious and reckless conduct in doing so, in an amount to be proven at trial.

## Second Cause of Action
## Violation of RCW 49.60.180 and WAC 162-30-020

13. Paragraphs 1 through 12 as set out above are incorporated by reference herein.

14. Jurisdiction of this Court is invoked for this claim under provisions of 28 U.S.C. § 1367.

15. RCW 49.60.180 provides, in pertinent part, that employment discrimination "because of ... sex ..." is prohibited.

16. WAC 162-30-020 serves to clarify that employment discrimination because of pregnancy is employment discrimination "because of … sex…" under RCW 49.60.180.

17. WAC 162-30-020 prohibits employers from imposing different terms and conditions of employment on a woman because pregnancy or childbirth.  WAC 162-30-020 also prohibits employers from basing employment decisions or actions on negative assumptions about pregnant women.

18. By imposing different terms and conditions of employment on Hall because of her pregnancy, and basing employment decisions or actions on negative assumptions about Hall because of her pregnancy, AMR violated RCW 49.60.180 and WAC 162-30-020.

COMPLAINT OF PLAINTIFF-INTERVENOR KATHERINE HALL - 5
Case No. 2:19-cv-00258-RMP

Terry A. Venneberg
Attorney at Law
5224 Olympic Drive NW, Suite 110
Gig Harbor, Washington  98335
(253) 858-6601

19. As a direct and proximate result of the violation of RCW 49.60.180 and WAC 162-30-020 by AMR, Hall has incurred economic and non-economic damages in an amount to be determined at trial.

<u>Third Cause of Action</u>
<u>Violation of RCW 43.10.005</u>

20. Paragraphs 1 through 19 as set out above are incorporated by reference herein.

21. Jurisdiction of this Court is invoked for this claim under provisions of 28 U.S.C. § 1367.

22. RCW 43.10.005 provides, in pertinent part, that it is an unfair practice for any employer to fail or refuse to make reasonable accommodation for an employee for pregnancy, unless the employer can demonstrate that doing so would impose an undue hardship on the employer's program, enterprise, or business.

23. RCW 43.10.005 also provides, in pertinent part, that it is an unfair practice for any employer to deny employment opportunities to an otherwise qualified employee if such denial is based on the employer's need to make reasonable accommodation required by RCW 43.10.005.

24. RCW 43.10.005 also provides, in pertinent part, that it is an unfair practice for any employer to require an employee to take leave if another reasonable accommodation can be provided for the employee's

COMPLAINT OF PLAINTIFF-INTERVENOR KATHERINE HALL - 6
Case No. 2:19-cv-00258-RMP

Terry A. Venneberg
Attorney at Law
5224 Olympic Drive NW, Suite 110
Gig Harbor, Washington 98335
(253) 858-6601

pregnancy.

25. By engaging in the employment practices described in paragraphs 1 through 23 in the Complaint filed by the EEOC in this action, and in paragraphs 1 through 19 as set out above, AMR violated the provisions of RCW 43.10.005 set out herein. AMR cannot demonstrate that its failure or refusal to make reasonable accommodations for Hall's pregnancy would have imposed an undue hardship on its program, enterprise or business.

26. AMR engaged in violations of RCW 43.10.005, as described herein, after July 23, 2017, which was the effective date of the statute.

WHEREFORE plaintiff-intervenor Katherine Hall prays for the following relief to be granted:

1. That plaintiff-intervenor Hall be awarded economic and non-economic damages against defendant AMR in an amount to be proven at trial.

2. That punitive damages be assessed against defendant AMR and in favor of plaintiff-intervenor Hall in an amount to be proven at trial.

3. That plaintiff-intervenor Hall be awarded costs, interest and attorneys' fees, as provided by applicable law, including, but not limited to, 42 U.S.C. § 1988, RCW 49.60.030 and RCW 43.10.005.

COMPLAINT OF PLAINTIFF-INTERVENOR KATHERINE HALL - 7
Case No. 2:19-cv-00258-RMP

Terry A. Venneberg
Attorney at Law
5224 Olympic Drive NW, Suite 110
Gig Harbor, Washington 98335
(253) 858-6601

4. That such and other further relief as this court may deem appropriate be granted.

DATED this 24th day of January, 2020.

      /s/ Terry A. Venneberg_____
Terry A. Venneberg
Attorney for Plaintiff-Intervenor
WSBA No. 31348
5224 Olympic Drive NW, Suite 110
Gig Harbor, Washington  98335
Telephone: (253) 858-6601
Fax: (253) 858-6603
E-Mail: terry@washemploymentlaw.com

I hereby certify that on January 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

/\_\_\_/s/Terry A. Venneberg_____/
WSBA No. 31348
5224 Olympic Drive NW, Suite 110
Gig Harbor, Washington  98335
Telephone: (253) 858-6601
Fax: (253) 858-6603
E-Mail: terry@washemploymentlaw.com

COMPLAINT OF PLAINTIFF-INTERVENOR KATHERINE HALL - 8
Case No. 2:19-cv-00258-RMP

Terry A. Venneberg
Attorney at Law
5224 Olympic Drive NW, Suite 110
Gig Harbor, Washington  98335
(253) 858-6601