FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 18, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>KATHERINE HALL,<br><br>　　　　　　Intervenor Plaintiff,<br><br>　　v.<br><br>AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC.,<br><br>　　　　　　Defendant. | NO: 2:19-CV-258-RMP<br><br>CONSENT DECREE |

BEFORE THE COURT is a Stipulated Motion for Settlement (Entry of Proposed Consent Decree), **ECF No. 25**.  The Court, having considered the Consent Decree entered into by the parties, **HEREBY ORDERS** THAT the following Consent Decree be, and the same hereby is, approved as the final decree of this Court in full settlement of this action.  This lawsuit is hereby **dismissed with**

CONSENT DECREE ~ 1

**prejudice** and without costs or attorneys' fees.  The Court retains jurisdiction of this matter for purposes of enforcing the Consent Decree approved herein.

## I. INTRODUCTION

1. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this lawsuit on July 25, 2019 pursuant to Title VII of the Civil Rights Act of 1964, incorporating the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e et seq., ("Title VII" and "PDA" respectively) and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Complaint").  ECF No. 1.  EEOC alleged that Defendant American Medical Response Ambulance Service, Inc. ("Defendant" or "AMR") subjected Katherine Hall ("Ms. Hall") to disparate treatment in violation of Title VII when it refused to accommodate her pregnancy-related work restrictions while employed as a Paramedic at AMR's Spokane facility beginning June 30, 2017, while accommodating other non-pregnant employees who were similar in their ability or inability to work.  Defendant filed an Answer to the Complaint on September 13, 2019 denying the claims in the Complaint and asserting that its practices and policies concerning reasonable accommodation of pregnancy-related work restrictions were at all times lawful.  ECF No. 7.

2. The EEOC and AMR ("parties") want to conclude fully and finally all claims arising out of the EEOC's Complaint and Ms. Hall's discrimination charge filed with the EEOC.  The EEOC and AMR enter into this Consent Decree to

CONSENT DECREE ~ 2

further the objectives of equal employment opportunity in Title VII and the PDA. This Consent Decree is not an admission of liability by Defendant.

## II.     JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e *et seq*. ("Title VII") and section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Washington.

## III.     SETTLEMENT SCOPE

5. This Consent Decree is the final and complete resolution of all allegations of unlawful employment practices contained in Ms. Hall's discrimination charge, in the EEOC's administrative determination, and in the EEOC's Complaint filed herein, including all claims by the EEOC and Defendant for attorney fees and costs.

6. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by the Parties to this Consent Decree, and any substantive change, modification or

1 amendment of any provision of this Consent Decree shall also require approval by

2 the Court.

### IV.    MONETARY RELIEF

7.    In settlement of this lawsuit, Defendant shall pay Ms. Hall the total amount of One Hundred Sixty-Two Thousand and Five Hundred Dollars ($162,500.00) ("Settlement Payment") within fifteen (15) business days of the date of entry of this Consent Decree by delivering the following to Ms. Hall's counsel at an address to be provided by EEOC or by Ms. Hall's counsel by overnight mail or delivery, or wire transfer, with proof of delivery:

a. A check or wire transfer in the amount of the Settlement Payment, which constitutes compensatory damages, payable to "Terry A. Venneberg" and will be provided in trust for Katherine Hall.  Defendant will issue Ms. Hall and her attorney an IRS form 1099 for this payment.

b. Defendant shall transmit a copy of any check or wire confirmation provided pursuant to this Consent Decree to the EEOC at the same time that payment is made to Ms. Hall as described above at:

i.    EEOC-SEFO_COMPLIANCE@eeoc.gov; and

ii.    SEFO_AMR@eeoc.gov.

8.    Defendant will not condition the receipt of monetary relief by requiring Ms. Hall to: (a) maintain as confidential the facts and/or allegations

CONSENT DECREE ~ 4

underlying her charge, the EEOC's Complaint and the terms of this Consent Decree; (b) waive her statutory right to file a future charge with any government agency; (c) agree to a non-disparagement and/or confidentiality agreement; or (d) refrain from reapplying for a job with Defendant.

9. Each party will bear its own attorney's fees and costs incurred in this matter.

V.    INJUNCTIVE AND OTHER RELIEF

A.    General Provisions

10. Defendant, its officers, agents, managers, supervisors, safety personnel, and human resource staff, and its successors and assigns, are enjoined from engaging in practices that constitute unlawful discrimination in violation of Title VII based on an employee's pregnancy.

11. During the duration of this Consent Decree, Defendant will provide prior written notice to any potential purchaser of its business(es), or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's Complaint, and the existence and contents of this Consent Decree.

12. In recognition of its obligations under Title VII, Defendant shall institute the policies and practices set forth below.

B. <u>Anti-Discrimination Policies and Procedures</u>

13.     Within ninety (90) days after the entry of this Consent Decree, Defendant shall revise its anti-discrimination policies, procedures and training for all management and safety personnel, supervisors and employees in Washington state, and for all human resources staff who provide advice and support to managers, safety personnel, supervisors and employees in Washington state, including the human resource staff responsible for reviewing requests for work assignments to accommodate medically-supported work restrictions from pregnant employees in Washington state, to clarify and document its policies and practices in the state of Washington concerning the reasonable accommodation of pregnant women with work duty restrictions who report these restrictions to the company according to the procedures and policies described below.

14.     <u>EEO Policies and Procedures</u>. Within ninety (90) days after the entry of this Consent Decree, Defendant shall revise, develop and implement written policies and procedures that apply to all management and safety personnel, supervisors and employees in Washington state, and to all human resources staff who provide advice and support to managers, safety personnel, supervisors and employees in Washington state that: (a) prohibit discrimination based on sex or pregnancy, including prohibitions against failing to reasonably accommodate pregnancy-related work restrictions with benefits available to non-pregnant

employees with similar restrictions, including, where reasonable, modified or alternative work assignments and/or modified schedules; (b) explain to employees their rights and responsibilities under Title VII and the PDA; (c) describe the process by which an employee can file an internal complaint based on sex or pregnancy, and Defendant's commitment to promptly investigate and resolve such a complaint; and (d) if required by a change in law during the course of this Consent Decree, update these policies and procedures to reflect changes in anti-discrimination laws.  The policies and procedures will include a letter from the AMR West Region CEO, expressing the Company's and his/her support of the importance of the policies and the Company's commitment to equal employment opportunity under the law.  These policies and procedures shall be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation.  Within fourteen (14) days of receipt, the EEOC will advise Defendant of any comments. EEOC agrees to review the submitted policies and procedures in good faith.

15. Defendant's anti-discrimination policy will describe the process by which an AMR employee within the state of Washington can request an accommodation of a pregnancy-related, medically-supported work restriction under Title VII and the PDA, including, at a minimum, identify the personnel responsible for processing such requests, what factors will be considered in

CONSENT DECREE ~ 7

approving or denying the requested accommodation, the type of information that an employee must submit to support her requested accommodation and the time frame for approval or denial.  The policy will include designation of an officer, director or human resources manager who is consulted and makes the final approval in every instance where AMR will deny a request for pregnancy-related accommodation.  The policy will also include a procedure for documenting all requests for an accommodation of a medically-supported pregnancy-related work restriction to include all documents obtained or submitted during the review process.

16. <u>Complaint Procedures</u>.  Defendant shall develop and implement a procedure by which an employee who believes she has been discriminated against based on her sex or pregnancy, including denial of an accommodation of a pregnancy-related work restriction, can file an internal complaint, a procedure that includes (a) multiple points of contact through which an employee can file a complaint, including phone numbers, addresses and email addresses for those points of contact, including AMR's human resources, (b) allowing complaints to be submitted anonymously or verbally, without requiring the employee to submit a written statement, (c) providing a location or office, phone number or email address where an employee may lodge a complaint in private and away from the presence of the alleged discriminating manager, supervisor or employee, (d)

providing a method for documenting verbal complaints, (e) ensuring the confidentiality of an employee who files such an internal complaint, and that of any other victim or witness to the complaint, except as legally required under applicable law, and to the greatest extent feasible, (f) providing that Defendant will begin the investigation within five (5) business days after receipt of a complaint and complete the investigation within fifteen (15) business days after it is begun, absent extenuating circumstances, (g) ensuring that Defendant will take prompt and appropriate action to correct the conduct upon determining that unlawful discrimination or a violation of company policy has occurred, and (h) ensuring that Defendant will communicate to the employee who files an internal complaint whether the complaint was substantiated and if any action was taken within five (5) business days after completing the investigation of a complaint.  The records of any investigation of a complaint subject to this Consent Decree will be preserved for a period of at least one year after the duration of this Consent Decree.

17.    Not later than ninety (90) days after entry of this Consent Decree, Defendant shall distribute a written copy of its EEO policies to all management personnel, safety personnel, supervisors and employees in Washington state, including the policy required by this Consent Decree, and to all human resources staff who provide advice and support to managers, safety personnel, supervisors and employees in Washington state, or make such policies available on AMR's

CONSENT DECREE ~ 9

1 intranet or website.  Defendant will also provide a copy of its EEO policies to

2 every new employee hired or re-hired during the duration of this Consent Decree.

3       18.    <u>Policy Modifications</u>.  In the event Defendant modifies any of the

4 policies identified in paragraphs 13 through 16 above during the duration of the

5 Decree, Defendant shall submit to the EEOC the proposed modifications no later

6 than thirty (30) days prior to implementation.  EEOC will notify Defendant within

7 fourteen (14) days of receipt of the proposed modifications if it has any comments.

8 EEOC agrees to review the proposed modifications in good faith.

9 C.    <u>Equal Employment Opportunity Training</u>

10       19.    Defendant shall provide two EEO trainings of at least one (1) hour

11 each to all non-supervisory employees in its Spokane, Washington operations ("all

12 employee training").  The first training will be provided not later than one hundred

13 twenty days (120) after entry of this Consent Decree.  The second training will be

14 provided between twelve (12) and twenty-four (24) months after entry of the

15 Consent Decree.  The trainings will focus on Title VII and the PDA.  The anti-

16 discrimination trainings shall be developed by a third-party provider with expertise

17 or an in-house or outside employment lawyer experienced in anti-discrimination

18 matters.

19       a.    The all employee trainings will include, at a minimum, an overview of

20     Title VII and the PDA with special emphasis on employee rights and

21

responsibilities in requesting an accommodation of a pregnancy-related work restriction, employer obligations in responding to such requests for reasonable accommodation, the interactive process, and the employer's ongoing obligation to participate in the interactive process to ensure the effectiveness of accommodations, if granted.  The trainings shall include a specific reference to sex and pregnancy discrimination and specific instruction regarding AMR's EEO policies and procedures and will include clear definitions and sample scenarios specifically related to unlawful discrimination and pregnancy-related work restrictions tailored to Defendant's workplace.  The trainings shall also include information about the different avenues by which a request for an accommodation of a pregnancy-related work restriction may be made and if the request is denied, how to submit a complaint internally with Defendant and will include contact information for the EEOC.

    b.  The first all employee training shall consist of at least five sessions, and a separately recorded session prepared solely by the instructor. Defendant shall ensure that the format of the first training is live, conducted either in-person or over Zoom, WebEx or similar videoconference platforms, and interactive, and shall be administered by a third-party provider with expertise or an in-house or outside employment lawyer experienced in anti-

CONSENT DECREE ~ 11

discrimination matters.  Anyone who is unable to attend a live session will be required to review the recording of the training and complete a quiz at the end of the presentation, with 75 percent mastery of the material.  Defendant will use best efforts to obtain live attendance from all active employees required by this Consent Decree to be trained.  In addition, Defendant thereafter shall provide the recorded training to new hires within thirty (30) days of the employee's hire date, and administer the quiz, requiring 75 percent mastery, at a minimum.

c.   The second all employee training shall be provided by Defendant via the previously recorded training and administering the quiz, requiring 75 percent mastery, at a minimum, or may be offered live, either in person or via Zoom, WebEx or similar communication platform, and interactive, and may be administered by a Vice President-level or higher human resources executive experienced in conducting anti-discrimination workplace training.

20.   Not later than one hundred twenty (120) days after entry of this Consent Decree and annually thereafter, AMR shall provide a total of three (3) trainings of two (2) hours each during the term of this Consent Decree to all management, safety, and supervisory employees in Washington state and to all human resources staff who provide advice and support on Title VII and PDA issues to managers, safety personnel, supervisors and employees in Washington

CONSENT DECREE ~ 12

state, regarding Defendant's EEO policies and procedures, supervisory performance standards, and complaint and investigation procedures ("state-wide management training"). The training shall be developed by a third-party provider with expertise or an in-house or outside employment lawyer experienced in anti-discrimination matters. The training will inform each participant that he or she is responsible for knowing and complying with Defendant's policies and procedures and that failure to comply shall result in appropriate discipline up to and including termination. The training shall also emphasize that managers, safety personnel, supervisors, and human services staff are required to report any complaint for investigation and to prevent and correct any unlawful discrimination or company policy violations they observe or after receiving notice of a complaint of discrimination, and that failure to take such action will result in disciplinary action.

      a. The first annual state-wide management training shall be administered by a third-party provider with expertise or an in-house or outside employment lawyer experienced in anti-discrimination matters and shall be live, offered either in person or via Zoom, WebEx or similar communication platform, and interactive. Any individual managers, safety personnel, supervisors, and human services staff required, but unable, to attend the training will be required to review a separately recorded training session and complete a quiz at the end of the presentation, with 75 percent mastery

CONSENT DECREE ~ 13

of the material. The curriculum of this separate recorded session shall be developed by a third-party provider with expertise or an in-house or outside employment lawyer experienced in anti-discrimination matters and shall cover the required topics described in paragraph 20.  Defendant will use best efforts to obtain live attendance from all active employees required under paragraph 20 of this Consent Decree to be trained. In addition, Defendant thereafter shall require newly hired or promoted employees under paragraph 20 within thirty (30) days of the employee's hire or promotion date, to review the separately recorded session and shall administer the quiz, requiring 75 percent mastery, at a minimum.

    b.  Subsequent annual state-wide management trainings may be administered by a Vice President-level or higher human resources executive experienced in conducting anti-discrimination workplace training and shall be live, offered either in person or via Zoom, WebEx or similar communication platform, and interactive.  Managers, safety personnel, supervisors, and human services staff required, but unable, to attend the training will be required to complete the recorded program and quiz described in subparagraph (a).

21.    For both employee and state-wide management trainings described in paragraphs 19 and 20 above, Defendant shall identify all proposed trainers and/or

CONSENT DECREE ~ 14

curriculum consultants for the trainings within sixty (60) days prior to the scheduled training.  The EEOC will raise any objections to the proposed trainers and/or curriculum consultants within ten (10) business days. Defendant also shall provide the EEOC with copies of all training materials no later than thirty (30) days prior to their initial use.  The EEOC will advise Defendant of any comments to proposed training materials within fourteen (14) days.  The EEOC agrees to review the training materials in good faith.

22. All costs of training shall be borne by Defendant.  Defendant shall notify the EEOC in writing of the completion of the training seminar and shall specify the names and job titles of the managers, supervisors and employees who participated in and completed the training.  This information shall be provided as part of the compliance reporting and auditing required by Paragraphs 26-29 of this Consent Decree.

D. <u>Non-Disclosure of Information, File Expungement and Neutral Reference</u>

23. Defendant shall not disclose any information or make reference to any charge of discrimination or this lawsuit in responding to requests for information about Ms. Hall, except under subpoena.  Defendant shall expunge from its personnel records any information relating to Ms. Hall's request for an accommodation of her pregnancy-related work restriction.  Those records will be preserved in a file separate from Ms. Hall's personnel records. Consistent with

CONSENT DECREE ~ 15

Defendant's usual policies and practices regarding responding to requests for references for all former employees, Defendant shall only confirm Ms. Hall's years of employment with AMR and her position(s) during her employment to any prospective employer, unless expressly authorized otherwise by Ms. Hall in writing.

E.  Policies Designed to Promote Accountability

24. Defendant will, pursuant to performance policies and standards, impose discipline, up to and including termination of employment, upon any manager, safety personnel, or supervisor in Washington state, and any human resources staff who provided advice to such manager, safety personnel, or supervisor in Washington state, who is determined after a proper investigation to have violated company policy or discriminated against an employee based on sex or pregnancy.  In addition, Defendant shall inform managers, safety personnel, and supervisors in Washington state, and any human resources staff who provided advice to such managers, safety personnel, or supervisors of their obligation to report any complaint based on sex or pregnancy for investigation, prevent and correct any unlawful discrimination that they observe in the workplace or after receiving notice of a complaint of discrimination, and shall be warned that failure to take such action will result in disciplinary action.

CONSENT DECREE ~ 16

25. In conducting performance reviews, Defendant shall hold each manager, safety personnel, and supervisor in Washington state, and any human resources staff who advises a manager, safety personnel, or supervisor in Washington state, accountable for EEO enforcement and compliance and for insuring employees are not discriminated against based upon their sex or pregnancy.

F.  Reporting

26. Defendant shall submit three (3) reports to the EEOC during the term of this Consent Decree at: (1) EEOC-SEFO_COMPLIANCE@eeoc.gov and (2) SEFO_AMR@eeoc.gov.  The reports shall be submitted to the EEOC at twelve (12) months following the entry of this Consent Decree by the Court, at twenty (20) months after the entry of this Consent Decree and at twenty-eight (28) months after the entry of this Consent Decree.

27. The reports shall contain the following information and attachments:

   a. A certification that Defendant has:

      1. Implemented its written EEO policies and procedures and distributed copies of its EEO policy as described in Paragraphs 12-17;

      2. Complied with the training provisions enumerated in this Consent Decree in Paragraphs 19-22;

      3. Enforced its policies and procedures to promote EEO accountability by managers and supervisors, as required by Paragraphs 24-25; and

       4.      Complied with all other provisions of this Consent Decree.

  b.  Copies of the following documents shall be included with each report submitted to the Seattle Field Office of the EEOC:

    1.    A copy of Defendant's EEO policy and procedures developed and implemented in accordance with the provisions of this Consent Decree.

    2.    A summary of all requests for or all complaints received of denials of requests made by employees in Washington state for transitional work assignments related to medically supported pregnancy-related work restrictions, the disposition of the request, and the reason for any denial, along with the following information:

        i.  Name of the individual who requested or was denied the transitional work assignment and personal contact information, including the full address, email address and telephone numbers of the individual; and

        ii.  Name(s) and title of individual(s) who received, addressed, and resolved the complaint of denial of a transitional work assignment.

    3.    A sign-in sheet or list of the names and job titles of each manager, supervisor, safety personnel, and employee of Defendant who completed EEO training and the dates the training was conducted or completed during the previous reporting period.

28.    If applicable, Defendant shall submit a statement with its report to the EEOC specifying the areas of noncompliance, the reason for the noncompliance, and the steps that were or shall be taken to bring the Company into compliance.

29.    Within sixty (60) days after Defendant delivers each report to the EEOC required by paragraph 27 of this Consent Decree, Defendant shall make

CONSENT DECREE ~ 18

1  available a human resources official, or other appropriate personnel responsible for

2  handling sex or pregnancy discrimination-related employment matters, for audits

3  upon request by EEOC to determine compliance with this Consent Decree. EEOC

4  shall provide notice of audit subject matter not later than five (5) business days in

5  advance but, at a minimum, the audit shall include whether Defendant has denied

6  pregnancy-related reasonable accommodation to any individual and whether

7  Defendant has received any complaints about discrimination against individuals

8  based on pregnancy.  Any requested audit will be conducted at a mutually

9  agreeable time and place or by videoconference.

10  G.     Notice Transmittal by E-mail

11         30.    Defendant shall deliver by e-mail to all employees in Washington

12  state with Company email addresses or known personal email contacts recorded in

13  the Company HRIS system, the Notice attached as Exhibit 1 to this Consent

14  Decree.  The Notice shall also be conspicuously posted on bulletin board at

15  Defendant's Washington state facilities for the duration of the Consent Decree.

16                            VI.  ENFORCEMENT

17         31.    If the EEOC determines that Defendant has not complied with the terms

18  of this Consent Decree, the EEOC shall provide written notification of the alleged

19  breach to Defendant.  The EEOC shall not petition the Court for enforcement of this

20  Consent Decree for at least thirty (30) days after providing written notification of the

21

CONSENT DECREE ~ 19

alleged breach.  The 30-day period following the written notice shall be used by the EEOC and Defendant for good faith efforts to resolve the dispute, including, a meet and confer session by phone or videoconference, if necessary, before involving the Court.

## VII.  RETENTION OF JURISDICTION

32. The United States District Court for the Eastern District of Washington shall retain jurisdiction over this matter for the duration of this Consent Decree.

## VIII.  DURATION AND TERMINATION

33. This Consent Decree shall be in effect for thirty (30) months after the date of entry of the Decree.  If the EEOC petitions the Court for breach of this Consent Decree, and the Court finds Defendant to be in violation of the terms of the Consent Decree, the Court may extend the duration of this Consent Decree.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close** this case.

**DATED** December 18, 2020.

> *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> United States District Judge

CONSENT DECREE ~ 20